**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

**CIVIL ACTION NO. 16-3-DLB**

**RICKY LEE SMITH**                                                                                   **PLAINTIFF**

**v.**                      **MEMORANDUM OPINION AND ORDER**

**ANDREW SAUL, Commissioner
of the Social Security Administration**                              **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

**I.    INTRODUCTION**

In 2012, Ricky Lee Smith sought disability benefits from the Social Security Administration ("SSA"), which the agency denied. Smith unsuccessfully challenged that decision through two levels of administrative review, including at a hearing in front of an Administrative Law Judge ("ALJ"). According to the agency, however, Smith failed to timely appeal the ALJ's decision to the Appeals Council—the fourth and final step required before a claimant may seek judicial review in federal court. Smith then brought this lawsuit to challenge the Appeals Council's dismissal of his request for review, which he says was in fact timely. In 2017, this Court granted the Commissioner's Motion to Dismiss, holding that there was no jurisdiction to review the Appeals Council's dismissal. The United States Court of Appeals for the Sixth Circuit affirmed that decision, but the Supreme Court reversed.

Upon remand, the parties were ordered to brief the merits of the Appeals Council's dismissal for untimeliness. Because substantial evidence supports the Appeals Council's

1

finding that Smith's request for review was filed out of time, the agency did not abuse its discretion in dismissing Smith's request. Accordingly, Smith's Complaint is **dismissed**.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts of this case have been recited in two previous Orders of the Court, (*see* Docs. # 13 at 1-2 and 19 at 1-2) and were succinctly summarized as follows by the Supreme Court:

> Petitioner Ricky Lee Smith applied for disability benefits under Title XVI in 2012. Smith's claim was denied at the initial-determination stage and upon reconsideration. Smith then requested an ALJ hearing, which the ALJ held in February 2014 before issuing a decision denying Smith's claim on the merits in March 2014.
> The parties dispute what happened next. Smith's attorney says that he sent a letter requesting Appeals Council review in April 2014, well within the 60-day deadline. The SSA says that it has no record of receiving any such letter. In late September 2014, Smith's attorney sent a copy of the letter that he assertedly had mailed in April. The SSA, noting that it had no record of prior receipt, counted the date of the request as the day that it received the copy. The Appeals Council accordingly determined that Smith's submission was untimely, concluded that Smith lacked good cause for missing the deadline, and dismissed Smith's request for review.

*Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019).

Smith then sought review of the Appeals Council's dismissal in federal court under the judicial review provision in the Social Security Act, 42 U.S.C. § 405(g). (Doc. # 1 at 1-2). In his Complaint, Smith alleges that the ALJ's denial decision "was timely appealed to the Appeals Council on April 24, 2014 which the Appeals Council improperly dismissed on November 6, 2015." (*Id.*). In addition to challenging the Appeals Council's dismissal, Smith alleges that he suffered a constitutional due process violation because a different ALJ signed his hearing decision than the one who had presided over his hearing. (*Id.* at 2). Finally, the Complaint alleges that "the determination made by the Defendant, that the Plaintiff was not disabled, was not supported by substantial evidence." (*Id.*).

The Commissioner moved to dismiss the Complaint on two bases: first, that the Appeals Council's dismissal on timeliness grounds was not a reviewable "final decision" of the Commissioner as provided in 42 U.S.C. § 405(g), thus depriving the court of subject-matter jurisdiction over that claim. (Doc. # 8 at 2). Second, the Commissioner argued that the Complaint failed to state a claim for which relief could be granted under Federal Rule of Civil Procedure 12(b)(6) or that summary judgment should be granted under Rule 56. (*Id.*). The Commissioner attached as an exhibit an affidavit from the employee who managed Smith's file, who claimed that Smith's request for review was not received by the agency until October 1, 2014—over five months late. (Doc. # 8-1 at 3). Smith's response brief was accompanied by several exhibits of its own, notably the September 21, 2014 fax from Smith to the agency that included a letter requesting Appeals Council review dated April 24, 2014. (Doc. # 9-3).

In a 2017 Memorandum Order, the Court granted the Commissioner's Motion, concluding that "a decision by the Commissioner to dismiss a claimant's untimely request for an appeal before the Appeals Council is not a final decision subject to judicial review, absent the presence of a colorable constitutional claim." (Doc. # 13 at 3). The Court further concluded that Smith had failed to assert a colorable constitutional claim that would be reviewable in federal court. (*Id.* at 4). In particular, Smith had failed to offer any evidence other than his attorney's testimony that he had mailed an appeal request on April 24, 2014. (*Id.*). Absent independent evidence of a timely request, the Court held, the Appeals Council's timeliness determination was not constitutionally infirm. (*Id.* at 3-4). The Court also rejected Smith's argument "that he suffered due process violations because ALJ Paris signed the hearing decision, rather than [ALJ Bowling] who presided

3

over the hearing." (*Id.* at 4). In the Court's view, ALJ Paris's signing the hearing decision was lawful under the agency's own procedural rules. (*Id.*). Smith subsequently filed a motion for relief from judgment (Doc. # 15), which was denied. (Doc # 19). Smith appealed. (Doc. # 20).

In affirming this Court's dismissal, the Sixth Circuit ruled first that "Appeals Council decisions to dismiss untimely petitions for review are not final decisions reviewable in federal court" and thus "the district court properly concluded it lacked jurisdiction under 42 U.S.C. § 405(g) unless Smith presented a colorable constitutional claim." *Smith v. Comm'r of Soc. Sec.*, 880 F.3d 813, 817 (6th Cir. 2018). The Sixth Circuit explained that a colorable constitutional challenge to agency action may be heard even when review is unavailable under the statute, but that Smith had failed to make any colorable constitutional claims. *Id.* at 817-20. Specifically, the court reasoned that the agency's dismissal of Smith's request for review did not amount to a constitutional violation because there was insufficient evidence to conclude that Smith had filed the request on time and, furthermore, the agency had complied with all of the relevant regulations in dismissing Smith's request. *Id.* at 817-19. The Sixth Circuit also affirmed this Court's dismissal of Smith's claim that he suffered a due process violation when an ALJ who did not preside over Smith's hearing signed Smith's denial order. *Id.* at 819.

On review before the Supreme Court, the sole question presented was "whether the Appeals Council's dismissal of Smith's claim is a 'final decision . . . made after a hearing' so as to allow judicial review under [42 U.S.C.] §405(g)." *Smith*, 139 S. Ct. at 1771. After analyzing the statute's language and context, the Court held that Smith had the right to judicial review of the Appeals Council's dismissal. *Id.* at 1774. The Appeals

Council's dismissal was, in the Court's view, plainly a "final decision" in that it functioned as the "final stage of review" under the SSA's regulations. *Id.* The dismissal by the Appeals Council had also come after Smith received a hearing before the ALJ, thereby fulfilling the "made after a hearing" requirement in § 405(g). *Id.* Further, the Court reasoned that Congress would not have intended "to leave a claimant without recourse to the courts" when the SSA made a mistake in applying its own procedural rules, particularly when the claimant had expended significant time and resources reaching the final stage of administrative review before the Appeals Council. *Id.* at 1776. In the Court's words, "[w]hile Congress left it to the SSA to define the procedures that claimants like Smith must first pass through, Congress has not suggested that it intended for the SSA to be the unreviewable arbiter of whether claimants have complied with those procedures." *Id.* at 1777 (internal citation omitted). While the Supreme Court reversed the Sixth Circuit's decision with respect to the question of jurisdiction over the Appeals Council's dismissal, the Court did not disturb the Sixth Circuit's conclusion that Smith had failed to assert colorable constitutional claims.

On remand to this Court, the parties agreed in a Joint Status Report that "[i]n light of the Supreme Court's holding, the Court has jurisdiction to review whether the Appeals Council reasonably dismissed Plaintiff's request for review of the Administrative Law Judge's decision in his case as untimely."[1] (Doc. # 35 at 1). The parties proposed a timeline "for briefing of this issue," (*Id.*), and the Court then set a briefing schedule, (Docs. # 38 and 39). In his brief, Smith raises largely the same arguments that he did earlier in this litigation, including that his attorney timely submitted a request for review and that the

---

[1] Attached to the Joint Status Report was the administrative record detailing Smith's request for review and the Appeals Council's dismissal. (Doc. # 35-1).

5

Appeals Council failed to properly document that request.  (Doc. # 40 at 2).  Smith also argues in the alternative that good cause existed to excuse his late filing.  (*Id.* at 3).  Finally, Smith complains once again that he suffered a due process violation because the letter denying his benefits was signed by an ALJ who did not preside over his benefits hearing.  (*Id.* at 4).  The Commissioner responded in a brief captioned as a "Motion for Summary Judgment and Reply to Plaintiff's Brief."  (Doc. # 41).  Smith did not submit a reply.

### III.  ANALYSIS

The Appeals Council's dismissal in this case is reviewed for abuse of discretion.  *Smith*, 139 S. Ct. at 1779 n.19.  Any factual findings used to support that dismissal must be sustained if supported by substantial evidence.  *Id.*  Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)).

The Appeals Council did not abuse its discretion in dismissing Smith's request for review as untimely.  This conclusion is compelled by the Sixth Circuit's opinion issued earlier in this case, which held—in deciding whether Smith had raised a colorable constitutional claim—that the Appeals Council had properly determined that Smith's request for review was filed out of time.[2]  *Smith*, 880 F.3d at 817-19.  In fact, most of the

---

[2]  The Sixth's Circuit's resolution of Smith's constitutional claims was distinct from its holding that it lacked jurisdiction to review Smith's statutory claim under § 405.  *See Smith*, 800 F.3d at 814 ("We hold that an Appeals Council decision to refrain from considering an untimely petition for review is not a 'final decision' subject to judicial review in federal court. Further, for the reasons explained below, each of Smith's due process arguments fail.").  Thus, the Sixth Circuit's holdings and underlying reasoning with respect to Smith's constitutional claims remain intact after the Supreme Court's reversal.

6

arguments Smith makes in challenging the Appeals Council's dismissal on statutory grounds are identical to the due process arguments presented earlier to the Court of Appeals.  For example, on remand, Smith once again contends that he mailed a timely request for review to the Appeals Council, as evidenced by his attorney's testimony and by a letter dated April 24, 2014 that was faxed to the SSA in September 2014.  (Doc. # 40 at 2).  The Sixth Circuit rejected this argument, stating that "Smith's dated request for appeal and his attorney's testimony that he timely mailed the request is not proof that the request was actually mailed."  *Smith*, 880 F.3d at 818.  The Sixth Circuit added that "the Social Security Administration has no record of ever timely receiving the request and Smith was unable to provide a postmark or dated receipt."  *Id.*  The court relied upon *McKentry v. Secretary of Health & Human Services*, 655 F.2d 721, 722 (6th Cir. 1981), and *Hobt v. Commissioner of Social Security*, 175 F. App'x 709, 710 (6th Cir. 2006), for the rule that there is no presumption of receipt absent independent evidence of timely mailing.  *Smith*, 880 F.3d at 818.  For the same reasons, this Court concludes that the Appeals Council's dismissal of Plaintiff's appeal as untimely was not unreasonable despite Plaintiff's assertion that his attorney mailed a letter within the deadline.

Smith's second argument—that the Appeals Council's dismissal violated the SSA's regulations—was also rejected by the Sixth Circuit.  Smith again asserts that his request for review was timely under 20 C.F.R. §§ 404.630 and 404.633, as well as the agency's Hearings, Appeals, and Litigation Law Manual, known as "HALLEX."  (Doc. # 40 at 3).  Section 404.630 states, "[i]f a written statement, such as a letter, indicating your intent to claim benefits . . . is filed with us under the rules stated in § 404.614, we will use the filing date of the written statement as the filing date of the application," provided certain

7

requirements are met. The Sixth Circuit concluded that "Smith's reliance on § 404.630 is misplaced," as § 404.614 provides that "a written statement, request, or notice is filed on the day it is received," and therefore "Smith's request was not considered filed until October 1, 2014, the date it was received by the Administration." *Smith*, 880 F.3d at 819. The cited provision of the HALLEX, § I-2-0-40, is similarly unhelpful to Smith.[3] Section I-2-0-40 states that a request for hearing is considered filed on the date it was received by the agency or on the date of the postmark. It further provides that if the postmark is unreadable or absent, the request is considered timely if received within 70 days of the date of the decision being appealed. *Id.* As the Sixth Circuit explained, Smith cannot benefit from this provision of the HALLEX "because [his] request for appeal was not received by the seventieth day after the date on the notice of the decision being appealed. It was received four months after the time for appeal had expired." *Smith*, 880 F.3d at 819. Finally, 20 C.F.R. § 404.633, which Smith also cites, (Doc. # 40 at 3), was characterized by the Sixth Circuit as "not applicable" because it pertains to "misinformation being provided by an agency employee." *Smith*, 880 F.3d at 818 n.2. Accordingly, under the reasoning of the Sixth Circuit, the Court concludes that Smith has failed to demonstrate the Appeals Council's dismissal was unreasonable based on 20 C.F.R. §§ 404.630 and 404.633 or HALLEX § I-2-0-40.

Smith's argument in the alternative—that there was good cause for extending the time to request review from the Appeals Council (Doc. # 40 at 3)—is both undeveloped and lacks merit. The only authorities Smith cites for his "good cause" argument are the

---

[3] As he did before the Sixth Circuit, Smith cites HALLEX § I-2-505B, which does not exist. (Doc. # 40 at 3). The Sixth Circuit assumed that Smith was referring to § I-2-0-40 instead, *Smith*, 880 F.3d at 819 n.3, and the Court does the same here.

8

regulations discussed above, (*see* Doc. # 40 at 3), and only one of those—§ I-2-0-40 of the HALLEX—addresses the issue of good cause for extensions of time. Furthermore, that section of the HALLEX merely states that an extension for good cause is available under certain conditions. HALLEX § I-2-0-40. Smith does not even attempt to explain why a finding of good cause is justified in his case. Under SSA regulations, four considerations govern whether there is good cause for missing a deadline to request review: (1) the circumstances that kept the claimant from making the request on time; (2) whether the agency's actions misled the claimant; (3) whether the claimant misunderstood the filing requirements; and (4) whether there were "any physical, mental, educational, or linguistic limitations" that prevented the claimant from timely filing. 20 C.F.R. § 416.1411(a). Smith has not asserted the existence of any of these circumstances. Accordingly, he has not provided a basis to disturb the Appeals Council's determination that there was no good cause to extend the request deadline.

In addition to challenging the Appeals Council's dismissal under § 405(g), Smith reiterates the same due process challenge he raised before this Court and on appeal to the Sixth Circuit with respect to the identity of the ALJ who signed his hearing decision. (Doc. # 40 at 4-5). As an initial matter, this argument falls outside the scope of the question the parties agreed to brief: "whether the Appeals Council reasonably dismissed Plaintiff's request for review of the Administrative Law Judge's decision in his case as untimely." (Doc. # 35 at 1). More significantly, however, the Sixth Circuit already disposed of this argument, holding that ALJ Paris's signing Smith's denial letter on behalf of ALJ Bowling did not violate due process. *Smith*, 880 F.3d at 819-20. The court reasoned that the agency had complied with its own regulations, which allowed an ALJ

9

to sign a decision on another's behalf. *Id.* (citing HALLEX § I-2-8-40). The court further observed that "Smith ha[d] not shown any prejudice that he suffered as a result of ALJ Paris signing the decision on behalf of ALJ Bowling." *Id.* at 820.

Finally, while Smith alleges in his Complaint that he was wrongfully denied disability benefits, (Doc. # 1 at 2), Smith is not entitled to judicial review of the Commissioner's underlying benefits determination. *See Smith*, 139 S. Ct. at 1780 ("[I]n an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance."); *Casey v. Berryhill*, 853 F.3d 322, 328 n.2, 329 (7th Cir. 2017). As one court has put it, "[t]o hold otherwise would essentially read out of the administrative scheme the requirement that a claimant seek review at the Appeals Council level." *Waters v. Massanari*, 184 F. Supp. 2d 1333, 1341 (N.D. Ga. 2001). That exhaustion requirement, contained in 20 C.F.R. § 416.1400(a), provides that "Federal court review" is available only "[w]hen [the claimant has] completed the steps of the administrative review process," including "request that the Appeals Council review the decision [of the ALJ]." Moreover, administrative appeals "must be requested within certain time periods," *id.*, in this case within 60 days of the claimant's receipt of the ALJ's decision, 20 C.F.R. § 416.1468. As the Appeals Council dismissed Smith's request for review as untimely, it did not pass upon the underlying merits of Smith's claim for benefits. Accordingly, absent a waiver of the exhaustion requirement by the Commissioner, the Court's review is limited to the procedural question of whether the Appeals Council abused its discretion in dismissing Smith's request for review. *See Smith*, 139 S. Ct. at 1779-80 & n.21.

IV.    **CONCLUSION**

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)    The Defendant Commissioner's Motion for Summary Judgment (Doc. # 41) is **GRANTED**;

(2)    Plaintiff Ricky Lee Smith's Complaint (Doc. # 1) is **DISMISSED** and this matter is **STRICKEN** from the Court's active docket; and

(3)    A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 13th day of November, 2020.

Signed By:
*David L. Bunning*  DB
United States District Judge

J:\DATA\SocialSecurity\MOOs\Lexington\16-3 Smith MOO Dismissing Case.docx